UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF MARIA PEROVICH,
VICTOR GOJCAJ,
     **Plaintiffs,**

**-vs-**                                   Case No: 2:09-CV-12192

STERLING HEIGHTS POLICE OFFICER     Hon. Patrick Duggan
ANTOINETTE FETT,
STERLING HEIGHTS POLICE SERGEANT
DAVID CATTANEO,  STERLING HEIGHTS POLICE
OFFICER AARON BURGESS AND CLINTON TOWNSHIP
POLICE DETECTIVE LEO MELISE,
     **Defendants.**

---

| | |
|---|---|
| **PATRICK J. Mc QUEENEY (P45797)** | **MARC D. KASZUBSKI** |
| **Attorney for Plaintiff** | **Attorney for Defendants** |
| **33830 Harper Avenue** | **Cattaneo, Burgess and Fett** |
| **Clinton Township, Michigan 48035** | **Sterling Town Center** |
| **(586) 774-6363** | **12900 Hall Road/Ste. 350** |
| **patrickjmcqueeney@yahoo.com** | **Sterling Heights, Michigan 48313** |
| | **(586) 726-1000** |

---

## COMPLAINT & JURY DEMAND

    **NOW COMES** Plaintiffs, the **ESTATE of MARIA PEROVICH** and **VICTOR GOJCAJ**

by and through their Counsel, **PATRICK J. Mc QUEENEY** and in support of their Complaint,

Plaintiff's state as follows:

### I.  PRELIMINARY STATEMENT

1.    This is an action brought by the Plaintiff who, under color of law, was subjected to

excessive force on October 30, 2007 by members of the City of Sterling Heights

Police  Department and Clinton Township Police Department.  This application of

excessive force to the plaintiff constitutes a violation of Plaintiff's constitutional rights.

## II.  JURISDICTION

2.    This action seeks monetary damages for violation of Plaintiff's rights, privileges, and immunities secured under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sec. 1983.

3.    Jurisdiction of this Court arises under 28 U.S.C. Sec 1343 (3) (4) and 1331.

## III.  PARTIES

4.    Plaintiff, **VICTOR GOJCAJ** resides in Macomb County, Michigan.  He is a citizen of the United States.

5.    Defendant, Sterling Heights Police Officer, **ANTOINETTE FETT**, was an officer for the City of Sterling Heights Police Department at the time complained of in the complaint.  She is sued in her individual and official capacity.

6.    Defendant Sergeant **DAVID CATTANEO** was an officer for the Sterling Heights Police Department at the time complained of in the complaint.  He is sued in his individual and official capacity.

7.    Defendant Detective **LEO MELISE**, was an officer/Detective for the Clinton Township Police Department at the time complained of in the complaint.  He is sued in his individual and official capacity.

8.    Defendant Police Officer, **AARON BURGESS**, was an officer for the Sterling Heights Police Department at the time complained of in the complaint.  He is sued in his individual and official capacity.

9.      That at all times relevant hereto, Defendants were acting during their course of employment, exceeded the scope of their authority and were acting under color of law.

10.     The amount in controversy exceeds Seventy-Five ($75,000.00) dollars, exclusive of interest, court costs and attorney fees.

### IV.  FACTUAL ALLEGATIONS

11.     On or about October 30, 2007 Plaintiff, Victor Gojcaj and his deceased mother, Maria Perovich, were in their home located 43153 Penny Drive, Sterling Heights, Michigan.  Ms. Perovich became suspicious of an unknown male banging on her door at 9:45AM and thereafter, called the Sterling Heights Police Department.

12.     The Sterling Heights Police Department dispatched police officers to Plaintiff's residence and requested that her son come to the front door of the residence and, at that time, Ms. Maria Perovich inquired as to why her son needed to come to the door and, at that time, the officers insisted that Plaintiff, Victor Gojcaj come to the front door.

13.     That at the time that Plaintiff, Victor Gojcaj, did not immediately come to the front door, the Defendant officers kept insisting that Ms. Perovich produce her son to the front door of her residence.

14.     That Plaintiff, Victor Gojcaj did not appear at the front door of his residence and at that time, the Defendants threatened that they would tow Ms. Perovich's vehicle from her residence and Ms. Perovich insisted that the Defendant police officers should not remove her vehicle as she had not done anything wrong.

15.    The deceased Ms. Perovich, suggested to Defendant's to leave the premises, whereupon the Defendant officers who did not possess any warrants entered Plaintiff's residence without probable cause or without any consent and thereafter forcibly tackled Ms. Perovich on the floor of her home.

16.    That Defendant Sergeant CATTANEO jammed his knee into the back of Ms. Perovich, a disabled woman, and thereafter proceeded to handcuff Ms. Perovich by forcibly pulling each of Ms. Perovich's arms while she was face down on the floor and Defendant Cattaneo had his knee in her back.

17.    That Defendant, ANTOINETTE FETT put her knee on the head of Ms. Perovich, while Sergeant Cattaneo physically assaulted Ms. Perovich, a 60 year old disabled woman.

18.    The Defendants then proceeded to physically abuse Ms. Perovich who was screaming from the pain which the Defendant officers inflicted upon her.

19.    That while Ms. Perovich was screaming in pain, Plaintiff Victor Gojcaj entered the living room where he observed his mother face down on the floor and Sergeant Cattaneo and Defendant Fett were putting handcuffs on Ms Perovich. Plaintiff Gojcaj inquired as to what was happening to his mother, whereupon Defendant Sterling Heights Police Officer, John Doe, a third Sterling Heights Police Officer ordered that Plaintiff, Gojcaj get on the ground on his knees or he would be tasored by such officer.

20.     Because Ms. Perovich suffered injuries at the hands of the Defendants herein, the defendants summoned emergency medical personnel, who took Ms. Perovich to William Beaumont Hospital.

21.     Ms. Perovich suffered injuries to her back, her right and left hands, her right and left arms, bruising to her back, along with other injuries.

22.     Ms. Maria Perovich was later charged with the offense of Resisting and Obstructing Arrest, a charge which was later dismissed by order of the court.

23.     Ms. Perovich appeared in the 41-A Judicial District Court for purposes of a preliminary examination and at that time tendered a plea of no contest to the lesser offense of Attempted Resisting and Obstructing Arrest and such charge was later dismissed.

24.     That after appearing in court and being confronted by the Defendants herein who had assaulted and battered her, Ms. Maria Perovich suffered a stroke and later died shortly after appearing in court for the above said offense.

25.     At all times relevant hereto and in all of their actions described herein, the Defendants were acting under color of law, state authority, statute, custom or usage.

**COUNT I**
**FOURTH AMENDMENT**

26.     Plaintiffs incorporate paragraphs 1 through 25 by reference.

27.     The actions of the Defendants, which are set forth in the Complaint show an unreasonable disregard for the rights of the Plaintiffs under the Fourth and

Fourteenth Amendments to the United States Constitution and are violative of 42 U.S.C. Sec. 1983.

28.   The Civil Rights Act, 42 USC Section 1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

29.   The excessive application of force to Maria Perovich's person constitutes an excessive application of force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

30.   As a result of the above stated actions of the Defendants, Plaintiff Maria Perovich suffered physical harm, mental anguish, emotional distress, humiliation, psychological harm, embarrassment, and fear.

31.   As a result of the above stated actions of the Defendants, Plaintiff Victor Gojcaj, has suffered physical harm, mental anguish, emotional distress, humiliation, psychological harm, embarrassment, and fear, after witnessing his mother being physically abused by Defendant Sterling Heights Police Officers.

## COUNT II
## ASSAULT AND BATTERY

32.   Plaintiffs incorporate paragraphs 1 through 31 by reference.

33.   Ms. Maria Perovich was intentionally, wantonly and willfully assaulted by Defendants, Sterling Heights Police Officers, Fett, Cattaneo, and Burgess at the time that Defendants attempted to effectuate an unlawful arrest of Plaintiff by instilling fear in Plaintiff an unconsented touching

34.   Defendants, Sterling Heights Police Officers intentionally made contact with  Ms.

Maria Perovich's person without any justification or consent of Ms. Perovich and without any provocation from Ms. Perovich.

35.     Defendants, Sterling Heights Police Officers, made an unconsented touching of Ms. Maria Perovich to the extent that they intentionally forced Ms. Perovich, a disabled woman, to the floor of her own home and intentionally forced their knees on Ms. Perovich's head and back.

36.     Defendants herein intentionally made contact with Ms. Perovich after unlawfully entering her residence without a warrant to arrest Ms. Perovich at a time when she had not committed any criminal acts in the Defendants' presence  or otherwise.

<u>**COUNT III**</u>
<u>**GROSS NEGLIGENCE**</u>

37.     Plaintiffs incorporate by reference paragraphs 1 through 36.

38.     At all times pertinent hereto, Defendant Clinton Township Police Detective Leo Melise and Defendants Sterling Heights Police Officers, Fett, Cattaneo and Burgess were under a duty to avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for whether death or injury result therefrom.

39.     Defendants, Sterling Heights Police Officers, Margaret Fett, Sergeant Cattaneo, Aaron Burgess and Detective Leo Melise each did breach this duty by forcing Ms. Maria Perovich to the floor of her residence and then driving their knees into Maria Perovich's back and grabbing her arms to handcuff her behind her back, while she was face down on the floor of her residence.

40.     Defendant Clinton Township Police Detective Leo Melise was under a duty to

- 7 -

avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for Ms. Maria Perovich and such duty was breached when Defendant failed to intervene to prevent Defendant, Sterling Heights Police Officers from assaulting and battering Ms. Perovich.

41. Defendant, Sterling Heights Police Officer, Burgess was under a duty to avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for Ms. Perovich and such duty was breached when Defendant failed to intervene and prevent Defendants Cattaneo and Fett from assaulting and battering Ms. Perovich.

42. Plaintiffs, herein demands that Defendants, pay damages including payment of all Plaintiff's out-of-pocket expenses incurred as a result Defendants' gross negligence in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus punitive damages, attorney fees and costs.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42.

44. At all times relevant hereto Defendants, Sterling Heights Police Officers and Clinton Township Police Detective, Leo Melise, notwithstanding their standard duty of care, owed to Plaintiff, Victor Gojcaj the following duties:

a. To refrain from inflicting intentional emotional distress upon Plaintiffs;

b. To refrain from inflicting a physical assault and battery upon Ms. Maria Perovich;

    c.     To refrain from subjecting Ms. Maria Perovich to verbal abuse and physical abuse;

    d.     To refrain from treating Plaintiffs in an extremely and outrageously abusive manner;

    e.     To refrain from assaulting and battering Ms. Maria Perovich without excuse or justification.

45.    Defendants Sterling Heights Police Officers, Fett, Cattaneo, and Burgess, together with Clinton Township Police Detective Leo Melise intentionally, willfully, wantonly and recklessly breached one or more said duties by:

    a.     Intentionally inflicting emotional distress upon Plaintiff, Ms. Maria Perovich by subjecting her to unjustified mistreatment and horror, as well as outrage;

    b.     Intentionally inflicting physical battery upon Plaintiff, Victor Gojcaj's mother, Maria Perovich, by tackling her to the floor and forcibly handcuffing her after unlawfully entering Plaintiffs' residence without a warrant;

    c.     Intentionally treating Ms. Maria Perovich in an extremely and outrageously abusive manner by assaulting and battering her at a time when she had not committed any criminal offense;

    d.     Intentionally depriving Ms. Maria Perovich of her life by unjustly expediting her death.

46.    At all times relevant hereto Defendants Sterling Heights Law Enforcement Officers, were acting during the course of their employment for Defendant, City of Sterling Heights.

47.    At all times relevant hereto, Defendant, Clinton Township Police Detective, Leo Melise was acting during the course of his employment for Defendant, Clinton Township Police Department.

48.    As a proximate and direct result said intentional, willful, wanton and reckless

conduct by Defendants, Plaintiff's deceased and disabled mother, Ms. Maria

Perovich was inhumanely treated by being forced to the floor, and thereafter

assaulted and battered while the Defendants were effectuating an arrest of Ms.

Perovich and Ms. Perovich experienced severe pain and suffering, in advance of

her death.

49.     As a direct and proximate result of the aforementioned conduct against Ms. Maria

Perovich, Victor Gojcaj has been caused to suffer and will continue to suffer

sever

emotional distress, depression, loss of sleep and other psychological injuries.

50.     As a direct and proximate result of the aforementioned conduct against Ms. Maria

Perovich, Victor Gojcaj, has suffered and will continue to suffer physical

manifestations as a result of the emotional distress and psychological trauma that

he has experienced while witnessing Defendants Sterling Heights Police Officers

assault, batter and otherwise physically abuse his mother.

**WHEREFORE**, Plaintiffs request this Court to enter Judgment as follows:

A.     Declaring as unconstitutional the application of force applied to the
       Plaintiff's person.

B.     Award to Plaintiff compensatory damages.

C.     Award to Plaintiffs herein punitive damages for Defendants attempts to
       cover up the violent and unprovoked attach upon Ms. Maria Perovich.

D.     Awarding attorney's fees, costs, and disbursements as provided by 42
       U.S.C. 1988.

E.      Awarding such other and further relief that the Court may deem just, proper, and equitable.

Respectfully submitted,


/s/ Patrick J. Mc Queeney
**PATRICK J. Mc QUEENEY (P45797)**
Attorney for Plaintiff
33830 Harper Avenue
Clinton Township, Michigan. 48035
(586) 774-6363
patrickjmcqueeney@yahoo.com

Dated: September 2, 2009