UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

THE ESTATE OF MARIA PEROVICH,
VICTOR GOJCAJ,

    Plaintiffs,

v

STERLING HEIGHTS POLICE OFFICER
ANTOINETTE FETT, STERLING HEIGHTS
SERGEANT DAVID CATTANEO, STERLING
HEIGHTS POLICE OFFICER AARON BURGESS
AND CLINTON TOWNSHIP POLICE DETECTIVE
LEO MELISE,

    Defendants.

Case No. 2:09-cv-12192-PJD-VMM
Hon. Patrick J. Duggan

_____/

| LAW OFFICES OF PATRICK J. MCQUEENEY | O'REILLY RANCILIO P.C. |
|---|---|
| Patrick J. McQueeney (P45797) | Jeffrey A. Bahorski (P41731) |
| Attorneys for Plaintiffs | Marc D. Kaszubski (P60333) |
| 33830 Harper Avenue | Attorneys for Defendants |
| Clinton Township, MI 48035 | Sterling Heights Police Officer Antoinette |
| (586) 774-6363/Fax: (586) 415-1210 | Fett, Sterling Heights Sergeant David |
| patrickjmcqueeney@yahoo.com | Cattaneo and Sterling Heights Police |
| | Officer Aaron Burgess |
| PLUNKETT COONEY | 12900 Hall Road, Suite 350 |
| Peter W. Peacock (P37201) | Sterling Heights, MI 48313 |
| Attorneys for Defendant Clinton Township | (586) 726-1000/Fax: (586) 726-1560 |
| Detective Leo Melise | mkaszubski@orlaw.com |
| 10 S. Main Street, Suite 400 | |
| Mt. Clemens, MI 48043 | |
| (586) 466-7605/ Fax: (586) 465-0448 | |
| ppeacock@plunkettcooney.com | |

_____/

**STIPULATED PROTECTIVE ORDER**

    The Parties, by their counsel, having stipulated and agreed to the entry of this Protective

Order pursuant to Fed. R. Civ. Pro. 267(c),

IT IS HEREBY ORDERED:

1.	In connection with the discovery proceedings in this action, the parties or third-party witnesses may designate as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY any document, thing, material, testimony, or other information derived therefrom (hereinafter "Confidential Material") under the terms of this Stipulated Confidential Information Protective Order (hereinafter "Order") which the party or third-party believes reflects any confidential or proprietary information, including but not limited to personnel information contained in documents regarding unnamed, third-party witnesses. A claim of confidentiality must be made in good faith.

2.	Confidential Material shall be so designated by either (A) a letter from counsel accompanying production of the documents or copies which identifies by Bates-stamped document numbers those documents which will be considered and treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or (B) stamping copies of each document produced to a party with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" as is appropriate. Any claim of confidentiality shall be made at the time the document or copy is produced. If, at the time of disclosure, a disclosing party inadvertently fails to mark a document which it considers to contain Confidential Material, the disclosing party may give written notice to the receiving party of the omission; and the receiving party shall treat the document as CONFIDENTIAL OR CONFIDENTIAL-ATTORNEY'S EYES ONLY, as is appropriate, from the date of notice onward.

3.	Testimony taken at a deposition, conference, hearing, or trial may be designated as containing Confidential Material by either making a statement to that effect on the record at the deposition or other proceeding, in which case the court reporter taking and transcribing such

proceeding will bind such portions of the transcript containing Confidential Material and label such portions appropriately, as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEY'S EYES ONLY, " or by giving written notice to all counsel of record within thirty (30) days after a deposition transcript is received by the deponent or his counsel. The testimony and the transcript of that testimony are to be treated as CONFIDENTIAL until thirty (30) days after receipt of the transcript by counsel for the disclosing party, with the exception of those sections which have been designated CONFIDENTIAL-ATTORNEY'S EYES ONLY, which sections will be treated as having said status. After thirty (30) days following said receipt, the transcript, to the extent not otherwise designated as CONFIDENTIAL OR CONFIDENTIAL ATTORNEY'S EYES ONLY in a writing served on other counsel, shall be considered non-confidential.

4. Confidential Material designated under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order designated as CONFIDENTIAL may be disclosed or made available only to the Court, to outside trial counsel for a party (including the paralegal, clerical, and secretarial staff employed by such outside trial counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  (b)  outside experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  (c)  court reporter(s) employed in this action; and

  (d)  any other person as to whom the parties in writing agree.

  6.  Depositions shall be taken only in the presence of qualified persons. Notwithstanding the treatment of any transcript of testimony as CONFIDENTIAL for the thirty-day period as set forth in paragraph 3 herein, any party representatives and other qualified person may attend a deposition until such time as the deposition proceeding is designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, and thereafter the portions of the deposition proceeding so designated shall be conducted only in the presence of a qualified person as established under paragraph 5 and 7 herein.

  7.  Confidential Material designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY, and the information contained therein, shall be disclosed only to the Court, to outside trial counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such outside trial counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (d) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, except as provided in paragraph 8 herein, unless otherwise agreed in writing or ordered by the Court. If disclosure of CONFIDENTIAL-ATTORNEY'S EYES ONLY material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

  8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as

it deems appropriate.

9. All documents, information, or testimony filed with the Court by either party to this action which have previously been designated by the disclosing party as containing Confidential Material, and all items which reveal the content of such documents, information, and testimony, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the following:

**<u>CONFIDENTIAL-FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER</u>**

**<u>ENTERED ON (Date of Entry of Order)</u>**

along with an indication as to the contents of such sealed envelope or other container and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its designated status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the question or whether any particular document or information contains Confidential Material or whether its use should be restricted, or (ii) to present a motion to the Court for a separate Protective Order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of

this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become know to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all copies of documents, materials, and deposition transcripts designated as containing Confidential Material, or certify their destruction. However, outside trial counsel may retain intact an archival file copy of any pleading, deposition, or trial testimony transcript that includes or references Confidential Material. Counsel for the parties shall certify the destruction of any copies of Confidential Material containing notes or other attorney work product.

14. This Stipulated Confidential Information Protective Order shall be and operate as a binding agreement between the parties hereto until such time as it is either entered by the Court in this action or superseded by a Confidential Information Protective Order entered by the court in this action. Neither the refusal nor failure of the Court to enter in this action this Stipulated Confidential Information Protective Order shall prevent it from being an enforceable agreement between the parties or otherwise relieve the parties from complying with the terms hereof, until such time as this Stipulated Confidential Information Protective Order is superseded either by a future written agreement the parties governing the protection of Confidential Material disclosed during the course of this action or by a Confidential Information Protective Order entered by the Court in this action.

SO STIPULATED:

| | |
|---|---|
| /s/with consent of Patrick J. McQueeney<br>Patrick J. McQueeney (P45797)<br>Attorneys for Plaintiffs<br>33830 Harper Avenue<br>Clinton Township, MI 48035<br>(586) 774-6363<br>patrickjmcqueeney@yahoo.com<br>(P45797) | /s/ Marc D. Kaszubski<br>Marc D. Kaszubski (P60333)<br>Attorneys for Defendants Sterling Heights Police Officer Margaret Wemple, Sterling Heights Police Sergeant David Cattaneo, and Sterling Heights Police Officer "John Doe"<br>12900 Hall Road, Suite 350<br>Sterling Heights, MI 48313<br>(586) 726-1000<br>mkaszubski@orlaw.com<br>(P60333) |
| /s/ with consent of Peter W. Peacock<br>Attorneys for Defendant Clinton Township Detective Leo Melise<br>10 S. Main Street, Suite 400<br>Mt. Clemens, MI 48043<br>(586) 466-7605<br>ppeacock@plunkettcooney.com<br>(P37201) | |

SO ORDERED:

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: March 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2010, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

7

J:\STERLING\Gojcaj v Wemple and Cattaneo\Pleadings\ProtOrder-signed.doc